[Civ. No. 4828.  Second Appellate District, Division One.—August 12, 1926.]

HERBERT M. HASKELL, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY (a Corporation) et al., Respondents.

[1] APPEAL — ASSIGNMENT OF ERRORS — STIPULATION AS TO QUESTION INVOLVED.—Where appellant and respondents stipulate that the only question involved on appeal is one of law and they clearly set forth what that question is, an assignment of error, or specification of insufficiency of evidence, is superfluous, and there is no merit in respondents' contention that there is no assignment of errors.

[2] TRUST DEEDS—CONDITIONAL OFFER OF PAYMENT—SUBROGATION.— Where a purchaser of real property subject to a first and a second deed of trust, each securing the payment of a promissory note held by the same person, does not offer unconditionally to pay the note secured by the first deed of trust, but his tender of payment is conditioned upon being "subrogated to the rights of the owner or owners of said indebtedness secured by said trust deed," and such tender is rejected because of that condition, there is no subrogation.

---

(1) 3 C. J., p. 1333, n. 55 New, p. 1337, n. 12 New.  (2) 37 Cyc., p. 454, n. 95 New.

1.  See 2 Cal. Jur. 527.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meserve & Meserve for Appellant.

Frank H. Snyder for Respondents.

YORK, J.—This is an action prosecuted to enjoin the sale of certain real estate under a trust deed given to secure the payment of money. The plaintiff and appellant is a purchaser of the property, to whom the property was conveyed subject to two trust deeds, the first of which is the one under which the sale was proposed, which sale the plaintiff asked the court to enjoin. There are no questions of fact involved in this appeal, and there is but one question of law. That is, whether a letter hereinafter set forth in full was an offer and tender of unconditional payment of the obligation referred to therein, or whether it was conditioned that plaintiff should be subrogated to the rights of W. W. Taylor in and to the note and trust deed referred to therein, and all rights thereunder as secured by a deed of trust also referred to in said letter. In other words, whether the payment to the Title Guarantee and Trust Company was intended to be, and actually was, a complete extinguishment of the debt, or whether it was an attempt to place the plaintiff Haskell in such a position that he could urge in his own behalf the lien created by said trust deed as a prior lien to the second trust deed held by W. W. Taylor.

[1] There is no merit in respondents' contention that there was no assignment of errors. The parties stipulated that the question involved was one of law and clearly set forth what that question was. Under the circumstances, an assignment of error, or specification of insufficiency of evidence, would have been superfluous. The case depends entirely on the construction to be placed on the following correspondence:

"October Seventeenth,

"Nineteen Twenty-two.

"To the Mortgage Guarantee Company, Title Guarantee & Trust Company, W. W. Taylor, General Petroleum Corporation, and all parties interested as owners or claimants in the hereinafter mentioned note and the trust deed hereinafter described.

"Gentlemen:

"I beg to advise you that I am now the owner, by deed executed by Garry G. Layman and Willa N. Layman, his wife, of that certain real property situated, lying and being in the county of Imperial, state of California, together with the 80 shares of water stock in Imperial Water Co. No. 8, appurtenant thereto, which are described in the trust deed, executed by said Laymans to the Title Guarantee & Trust Company, hereinafter mentioned and described.

"As such owner of said property, and holding said property subordinate and subject to the indebtedness hereinafter mentioned, and the trust deed securing the same, I desire to pay all indebtedness secured by said trust deed and, by virtue of said payment, become subrogated to the rights of the owner or owners of said indebtedness secured by said trust deed. Said indebtedness above referred to, and all of which I hereby offer to pay, hereby tendering the amount thereof to you and each of you, is all indebtedness secured by that certain deed of trust, made and executed by Garry G. Layman and Willa N. Layman, dated October 10, 1918, recorded October 31, 1918, in book 138, page 130 of deeds, records of Imperial county, California; the origin or foundation of which said indebtedness was and is represented by a promissory note, executed by said Garry G. and Willa N. Layman, dated October 10, 1918, to the Mortgage Guarantee Company, which said note is described and set out in said deed of trust, and which said note the above mentioned W. W. Taylor now claims to have purchased from said Mortgage Guarantee Company.

"The above named Title Guarantee & Trust Company, at my request, has this day furnished me a statement showing that the amount now owing on account of the indebtedness secured by said trust deed, including the amount

owing on said promissory note, is the sum of $5,924.79, and, acting on such information, I now have in my possession and as now physically tendering herewith said sum of money, legal tender of the United States, and now and at this time, in presenting this tender, I present and offer to pay said above mentioned sum of money. I also now have in my physical possession, and am prepared to pay, any additional sum over and above said above mentioned sum of money, in the event the statement this day furnished to me by said Title Guarantee & Trust Company be not correct, hereby offering and tendering to pay all amounts of money now owing by said Garry G. Layman and Willa N. Layman, and secured by said trust deed; it being my desire and purpose, and the purpose of this tender and offer to pay, to fully reimburse the holder of said note and the owner of the indebtedness secured by said trust deed, for all sums now owing to him which are secured by said trust deed, and, therefore, a lien on and against the above mentioned real property.

"I hereby at the same time also exhibit to you, for the purpose of proof, the deed from Garry G. Layman and Willa N. Layman to me, of the above mentioned real property, together with the appurtenances thereunto belonging.

"Yours very truly,
"HERBERT M. HASKELL.
"By EDWIN A. MESERVE.

"MESERVE & MESERVE,
    "Attorneys for Herbert M. Haskell."

The acceptance of this money by the Title Guarantee and Trust Company is stipulated to, and a copy of its acceptance is as follows:

"Los Angeles, California,
"October 17th, 1922.

"Received from Meserve & Meserve for Herbert M. Haskell, fifty-nine hundred twenty-four and 79/100 ($5924.79) dollars, as payment in full of indebtedness secured by trust deed made by Garry G. Layman *et ux.* to Title Guarantee and Trust Company, to secure a note in favor of Mortgage Guarantee Company, which note was assigned by mesne assignments to General Petroleum Company, a corporation, as pledgee, which said trust deed was recorded

October 31st, 1918, in book 138, page 130 of deeds, records of the county recorder of Imperial county, California.

"Said sum is accepted by Title Guarantee and Trust Company in accordance with a letter of Herbert M. Haskell, dated October 17th, 1922, and subject to the approval of said General Petroleum Company, a corporation, pledgee, and W. W. Taylor, owner of said indebtedness.

"Title Guarantee and Trust Company.

"By J. F. Keogh,

"Trust Counsel.

"Trustees Sale #2967"

Thereafter, on the same day, the plaintiff Haskell, claiming to be the subrogated owner of the note and deed secured by the trust deed, executed the following letter or instruction to the Title Guarantee and Trust Company:

"October 17, 1922.

"Title Guarantee & Trust Company,

"Title Guarantee Building,

"Los Angeles, California.

"Gentlemen:

"The undersigned, Herbert M. Haskell, successor of the Mortgage Guarantee Company, W. W. Taylor and the General Petroleum Corporation, of that certain $5,000 note made and executed by Garry G. Layman and Willa N. Layman, dated October 10, 1918, secured by trust deed to yourself, dated of the same date, and recorded October 10, 1918, in book 138, page 130 of deeds, records of Imperial county California, and the undersigned, Garry G. Layman and Willa N. Layman, the parties owing said debt, do hereby, jointly, request of you and direct that on Saturday, the 21st day of October, 1922, the time for which the sale is now advertised of the property under said trust deed, you continue said sale for a period of sixty days, namely: to Wednesday, the 20th day of December, 1922, at the hour of ten o'clock a. m. of that day, and at the same place as now noticed in your notice of sale, which you are now running, and we hereby request and direct you to properly advertise such continuance of said sale, and the undersigned, Herbert M. Haskell, hereby advises you that Messrs. Meserve & Meserve, his attorneys in this

matter, are authorized and empowered to give such further and full directions in the premises as, in their judgment, may seem best. Those gentlemen are also provided with money with which to pay such additional charges and expenses as may be incurred or occasioned by the continuance of such sale. It is our joint direction and request that the sale be not had on the 23rd day of October, the time for which the same is advertised, but that said sale be regularly continued as above directed.

"You are directed to retain in your possession, in accordance with your regular custom, the note secured by said trust deed until the sale of said property has been made under said trust deed or until the same shall be paid and discharged, or until further directions in regard thereto shall be jointly given by the undersigned.

"Very truly yours,

"HERBERT M. HASKELL.

"Subrogated owner of above mentioned note and debt, secured by said trust deed.

"GARRY G. LAYMAN,

"WILLA N. LAYMAN,

"By GARRY G. LAYMAN,

"Makers of said note and trust deed."

Thereafter, the defendant Warren W. Taylor signed and sent to Meserve & Meserve, said attorneys for plaintiff, the following letter:

"Long Beach, California,

"October 31, 1922.

"Messrs. Meserve & Meserve,

"417 Union Oil Bldg.,

"Los Angeles, Calif.,

"Gentlemen:

"I have your offer in writing in reference to the tender of Mr. Haskell of certain sums of money due upon the Garry G. Layman note and trust deed.

"The tender is hereby rejected upon the ground that the same is not made directly in extinguishment of the debt evidenced by said note, but, on the contrary, is based on the condition that Mr. Haskell be subrogated to the rights of a creditor under said note and trust deed, and further

that the offer impliedly demands, as a condition, the assignment of said note and trust deed to Mr. Haskell.

"Very truly yours,

"Warren W. Taylor."

[2]   The facts as alleged in the complaint were practically admitted by the answer, and were admitted in a stipulation of facts entered into on the trial which appears in the record herein. A short statement of the facts, as we view them, is as follows: That the defendant Taylor was the owner of the note and trust deed in controversy, and in addition thereto was the owner of an additional note secured by the second trust deed on the same property, and there was an apparent attempt on the part of the plaintiff Haskell to place the defendant Taylor in a position that would allow the plaintiff Haskell to enforce the lien, the right to do which he was claiming to have obtained by subrogation, as a prior lien to the lien of the defendant Taylor in his second trust deed.

The fact that plaintiff did not intend to make an unconditional payment is shown by the statement of plaintiff that he desired to pay the indebtedness secured by the trust deed, and "become subrogated to the rights of the owner or owners of said indebtedness secured by said trust deed." And his demand on the same day that the sale advertised be continued for a period of sixty days is a statement wholly inconsistent with any theory that the debt was extinguished by payment. Again, the fact that defendant W. W. Taylor, the real owner of the notes secured by the trust deeds, within five days after receipt of plaintiff's letter accompanying his alleged payment, notified plaintiff in writing that he rejected the alleged tender on the ground that the offer of payment was conditional on subrogation, and the fact that plaintiff made no effort to relieve any uncertainty indicates that the alleged payment was conditional. It is therefore apparent that because of the condition attached to the payment or deposit of the money it was not a payment of the indebtedness unconditionally, and the lower court correctly held that under the circumstances there was no subrogation.

The cases cited do not cover the facts and circumstances as they appear in this case, and the Civil Code sections 2903 and 2904 are also not applicable.

If the contention of the appellant is correct, it would never be safe for the owner of a second trust deed to purchase a first trust deed.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 11, 1926.